UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE KEEFAUVER,<br><br>        Plaintiff,<br><br>    v.<br><br>FIA CARD SERVICES, NATIONAL ASSOCIATION, an FDIC insured corporation; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. 5:12-cv-06080 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER; DENYING AS MOOT DEFENDANT'S MOTION FOR TELEPHONIC APPEARANCE**<br><br>[Re: Dkt. Nos. 45, 55] |

In this credit reporting case,[1] plaintiff Lawrence Keefauver requests that the court extend its case management deadlines for the third time. Specifically, he requests that the September 27, 2013 fact discovery cutoff be extended for 60 days so that he may take a deposition and serve another round of document requests, requests for admission, and written interrogatories. Defendant FIA Card Services, National Association (FIA) opposes the motion. The matter is deemed suitable for determination without oral argument, and the November 12, 2013 hearing is vacated.[2] Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the motion is denied.

---

[1] Plaintiff asserts claims under the Fair Credit Report Act (15 U.S.C. § 1681s-2(b)); the Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.25(a)); and California Bus. & Prof. Code § 17200.

[2] Defendant's request for leave to appear by phone at the motion hearing is denied as moot.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16's 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Because Keefauver was not diligent in adding FIA to this case, he fails to show good cause for a third modification of the court's scheduling order.

Plaintiff was on notice as early as January 4, 2013 (when former defendant Bank of America (BofA) filed its answer) that FIA, and not BofA, is the proper party to this action. (See BofA's Answer to Plaintiff's Complaint, Dkt. 8 at 1 n.1). On January 30, 2013, this court issued a scheduling order setting case management deadlines, including a May 24, 2013 fact discovery cutoff. Several months later, on May 13, 2013, the parties requested an extension of the court-ordered deadlines because, among other things, plaintiff intended to dismiss BofA and file an amended complaint naming FIA as a defendant. (See Dkt. 33). The court granted the requested extension and re-set the fact discovery cutoff for July 24, 2013.

However, no amended complaint adding FIA was filed; and, indeed, there was no activity on the docket until mid-July when the parties filed a second request to extend case management deadlines, including a September 27, 2013 fact discovery cutoff. On July 23, the court granted that second request. Nevertheless, the court observed that despite representations made over two months beforehand, apparently no efforts were made to amend the complaint to name FIA. Additionally, the court stated, "To the extent plaintiff seriously intends to pursue claims against FIA Card Services, he shall promptly take steps to have that entity added to the case." (Dkt. 36 at 2).

Keefauver did not file his amended complaint naming FIA until July 31, 2013.

2

Plaintiff argues that he was not required to accept, at face value, BofA's claim that it was not the right defendant. After BofA filed its answer, Keefauver says he spent several months reviewing his credit reports and bank statements to determine whether the account in question involved BofA or FIA. Even so, by at least mid-May (when he told the court on the parties' first request for an extension that he intended to dismiss BofA and add FIA), plaintiff apparently had satisfied himself that FIA is the proper defendant. Yet, he did nothing to add FIA to the case until the end of July---only after prodding by the court---and he has not offered satisfactory justification for the delay.

Keefauver maintains that he promptly served discovery (document requests, interrogatories, and requests for admission) once FIA was added and that FIA is to blame for his inability to comply with the September 27 fact discovery cutoff. He claims that FIA's initial discovery responses were deficient and that FIA obstructed proper discovery. Additionally, plaintiff says that the responses that were given revealed that he needs to conduct additional discovery about FIA's investigation of his credit dispute, FIA's policies, and whether FIA knew that the overdue payments it reported to Experian were inaccurate.

These arguments fail to convince. To begin, the court finds nothing unreasonable about FIA's request that the parties stipulate to a protective order to protect what it claims is confidential information. The parties filed their proposed protective order on September 9, and the court entered the order (with some modification) on September 10. This court is told that FIA served its discovery responses on September 13 as agreed between the parties; plaintiff initiated meet-and-confer negotiations about the alleged deficiencies on September 24; in those meet-and-confer discussions, plaintiff requested that FIA supplement its responses and produce its policy documents by October 1, and FIA did so.[3]

The cases cited by plaintiff are distinguishable. There, the parties diligently litigated their claims, but sought an extension because of developments beyond their control. See Kuschner v.

---

[3] In his opening brief, plaintiff suggests that FIA deliberately failed or refused to respond to his interrogatories. FIA's counsel, however, says that she never received them. Plaintiff says that he re-sent the interrogatories on September 19. FIA served its responses less than 10 days later on September 27. (Dkt. 48, Osborne-Revis Decl. ¶¶ 12-13; Dkt. 51, Shah Decl. ¶¶ 9-12).

Nationwide Credit, Inc., 256 F.R.D. 684 (E.D. Cal. 2009) (concluding that defendant acted diligently; that he was unaware of the possible basis for a counterclaim until a deposition; and that there was nothing to indicate that defendant should have been aware of facts underlying the counterclaim earlier); Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp.2d 1221 (E.D. Cal. 2008) (finding that plaintiff first discovered facts supporting her claims during recent depositions and that a court decision issued shortly before the deposition first made plaintiff aware of the viability of her claim for trebled damages).  Plaintiff's other cited case, Masterpiece Leaded Windows v. Joslin, No. 08-cv-0765-JM (JMA), 2009 WL 1456418 (S.D. Cal., May 22, 2009), is factually inapposite.  And, the court finds nothing in it to support the proposition that Keefauver's diligence should only be measured from the date he served his first set of discovery requests on FIA.  For the reasons discussed above, plaintiff did not diligently act to add FIA to this case.  To the extent he found himself unable to comply with the September 27 fact discovery cutoff that he himself requested, it is a problem of his own creation.

Moreover, the court finds that there is palpable prejudice to FIA in that it will have to incur additional expense to engage in another round of written discovery and depositions due to plaintiff's undue delay in naming FIA.  And, while plaintiff contends that his requested extension will "not have any material impact on the scheduling for this case," this matter has been pending for nearly a year now, and the court is being asked to re-set all of its case management deadlines for the third time.  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Mammoth Recreations, Inc., 975 F.2d at 610 (internal quotations and citations omitted).  The court's deadlines are necessary for the fair and efficient resolution of disputes, and the court does not change them lightly.  Finding no good cause to do so here, plaintiff's request to modify the scheduling order is denied.

**SO ORDERED**.

Dated:   November 8, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:12-cv-06080-HRL Notice has been electronically mailed to:
2  Abraham Joshua Colman     acolman@reedsmith.com, fyu@reedsmith.com,
3  gsanderson@reedsmith.com, vlam@reedsmith.com
4  Elliot Wayne Gale     egale@sagarialaw.com, Glenox@sagarialaw.com,
5  Josborne@sagarialaw.com
6  Jarrett Stanton Osborne-Revis     Josborne@sagarialaw.com
7  Raagini Rashmi Shah     rshah@reedsmith.com, ckoster@reedsmith.com
8  Scott Joseph Sagaria     sjsagaria@sagarialaw.com, mmccrory@sagarialaw.com
9  William Guy Malcolm     bill@mclaw.org, melissa@mclaw.org